IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

LACEY K. GARRETT,

      Plaintiff,

v.                                          Civil Action No. 2:20-cv-00754

PRECISION PIPELINE LLC,          (formerly Circuit Court of Nicholas County, West Virginia, 20-C-73)

      Defendant.

## NOTICE OF REMOVAL

Defendant, Precision Pipeline LLC, by counsel, gives notice to this Court and all other parties pursuant to 28 U.S.C. §§ 1441 and 1446 for removal to this Court of this action currently pending in the Circuit Court for Nicholas County, West Virginia, Case No. 20-C-73. In support of its notice of removal, Defendant states as follows:

1. On or about September 11, 2020, Plaintiff filed a Complaint against Defendant in the Circuit Court for Nicholas County West Virginia, a copy of which is attached as Exhibit 1. A certified copy of the State Court file is attached as Exhibit 2.

2. The Complaint was served by the Nicholas County Circuit Clerk upon the West Virginia Secretary of State as attorney-in-fact for Defendant, which was received by the West Virginia Secretary of State on October 19, 2020. The Complaint was the first pleading served on or otherwise received by the sole Defendant. Accordingly, this Notice of Removal is filed within the 30-day period required by 28 U.S.C. § 1446(b).

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity in this case with the sole plaintiff being a

citizen of a different state from the sole defendant and the amount in controversy exceeds $75,000.00.

## DIVERSITY JURISDICTION

4.  It is undisputed in this case that the sole plaintiff is a citizen of the State of Georgia. Plaintiff further alleges that the sole defendant is a Wisconsin limited liability company whose principal place of business is the State of Wisconsin. Defendant further states that its sole member is Precision Acquisition LLC, which is also a Wisconsin limited liability company, whose sole member is MasTec, Inc., a Florida corporation with principal place of business in the State of Florida. Therefore, there is complete diversity between the sole plaintiff and the sole defendant.

5.  "If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (internal citations omitted).

6.  While "[g]enerally attorney's fees are not included in the amount-in-controversy calculation, [] courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees." *Id*. at 368 (internal citations omitted). "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Etchison v. Westfield Ins. Co.*, CIV A 505CV99, 2006 WL 2796658 (N.D.W. Va. Sept. 26, 2006).

7. In the instant case, plaintiff has brought her claims under the West Virginia Human Rights Act and has asserted, in her Prayer for Relief, that she is entitled to attorneys' fees. Under the West Virginia Human Rights Act, if the plaintiff were to, *arguendo*, prevail against this defendant, plaintiff would be entitled to recover her attorneys' fees and costs. W.Va. Code § 5-11-13.

8. Aggregating the plaintiff's claims together, plaintiff has alleged in her Complaint, prior to the application of any attorneys' fees and costs, "[a]ll remedies afforded under the WVHRA," "[a]ll common law remedies to which Plaintiff is entitled," and "[p]re- and post-judgment interest as provided by law." Further, plaintiff is seeking punitive damages. Therefore, were this case to go to trial and plaintiff receive a complete recovery as to all of her alleged damages, including attorneys' fees, it is more likely than not that the plaintiff's recovery would exceed $75,000.00 and, therefore, the amount in controversy is met and this Court has the diversity jurisdiction over this case.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant is contemporaneously giving written notice of this Removal to all parties and to the Clerk of the Circuit Court of Nicholas County, West Virginia, as reflected in Exhibit 3 hereto.

10. The exhibits hereto include all pleadings received or served by any Defendant in connection with Plaintiff's claims.

11. All Defendants have either joined this petition or consented to removal.

12. Venue lies in this Court because Plaintiff's action is pending in this district and division. 28 U.S.C. § 1441(a).

13. The undersigned, as counsel of record for the sole Defendant, Precision Pipeline LLC, in this action, is duly authorized to effect removal on behalf of said Defendant, who consents to the removal.

Defendant, Precision Pipeline LLC, thus respectfully removes this action from the Circuit Court for Nicholas County, West Virginia to this Court.

Respectfully submitted,

PRECISION PIPELINE LLC

By: /s/ Richard W. Gallagher
      Counsel

Richard W. Gallagher
(W. Va. State Bar I.D.: 1327)
E. Ryan Kennedy
(W.Va. State Bar I.D.: 10154)
Robinson & McElwee PLLC
140 West Main Street, Suite 300
P.O. Box 128
Clarksburg, WV 26302-0128
(304) 622-5022

*Counsel for Precision Pipeline LLC*